UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO BORGELLA,

                    Plaintiff,

            -against-

HONORABLE DONALD LEO; MOTTOLA
LAWRENCE GEORGE,

                    Defendants.

23-CV-3500 (LJL)

TRANSFER ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Roberto Borgella, who is currently detained at the Vernon C. Bain Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his Kings County, New York, criminal proceedings. Named as Defendants are Judge Donald Leo of the Kings County Supreme Court, Criminal Term, and Lawrence George Mottola, who is an attorney representing Plaintiff in his criminal proceedings. Plaintiff provides work addresses in Kings County for both Defendants.

Plaintiff paid the filing fees to bring this action. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28
U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to his claims occurred in Kings County, New
York, in the course of his criminal proceedings in the Kings County Supreme Court. He does not
plead the residence of any of the defendants, but instead provides Kings County work addresses
for them. Kings County is located within the Eastern District of New York. *See* 28 U.S.C.
§ 112(c). Because it is unknown where Defendants reside, it is unclear whether venue is proper
under Section 1391(b)(1) in either this District or the Eastern District of New York.[1] Even if the
Court did assume that Defendants reside in this District and that venue is proper here under
Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Kings County,
venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.[2]

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper,
a court may transfer the case to any other district where it might have been brought "[f]or the
convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In
determining whether transfer is appropriate, courts consider the following ten factors: (1) the
convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;
(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[1] This judicial district, the Southern District of New York, is comprised of the following
New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx
(New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange,
(7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

[2] In the "injuries" section of the complaint form, Plaintiff alleges that he was assaulted by
other inmates while on Rikers Island. (*See* ECF 1, at 5.) However, he does not name any
defendants in connection with these allegations, and he does not appear to be asserting any
claims arising from these incidents. If Plaintiff wishes to assert claims arising from events
occurring on Rikers Island, which is in this District, he may do so by filing a new civil action in
this court.

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Kings County, where Plaintiff's criminal proceedings are ongoing, and where Defendants are employed. It is reasonable to expect that relevant documents and witnesses also would be located in Kings County. Furthermore, because Plaintiff is incarcerated, neither forum would be more inconvenient for him. The Eastern District of New York, where Kings County is located, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 28, 2023
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4